United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Tania Leon, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-22435-Civ-Scola |
| | ) |
| The Fresh Market, Inc., Defendant. | ) |

### Order Granting in Part and Denying in Part Motion to Dismiss

Plaintiff Tania Leon seeks to recover damages from Defendant The Fresh Market, Inc., for injuries she says she sustained when she slipped and fell in one of TFM's grocery stores. (Am. Compl., ECF No. 10.) In her complaint, Leon sets forth one count of negligence. (*Id.* ¶¶ 6–18.) In response, TFM submits that Leon has failed to state a claim upon which relief can be granted and that the complaint is a shotgun pleading. (Def.'s Mot., ECF No. 12.) In opposition, Leon identifies the allegations in her complaint that, together, state a claim for negligence but does not directly address TFM's shotgun-pleading arguments. (Pl.'s Resp., ECF No. 13.) TFM has replied (Def.'s Reply, ECF No. 14) and the motion is ripe for review. After close consideration of the briefing, the record, and the relevant legal authorities, the Court agrees Leon's complaint qualifies as a shotgun pleading but disagrees that it fails state a claim. Accordingly, TFM's motion is **granted in part and denied in part** (**ECF No. 12**).

### 1. Background

In July 2022, Leon fell when she slipped on "liquid slippery substances" on the floor of the wine-and-champagne aisle of a TFM store in Miami, Florida. (Am. Compl. ¶¶ 7, 8.) Leon believes the substance was a combination of spilled wine and champagne. (*Id.* ¶ 8.) The spill had been on the floor long enough such that, before Leon's fall, it had had time to partially dry, leaving behind both a sticky and slippery residue. (*Id.* ¶¶ 9, 15.) As a result of the fall, Leon suffered injuries that she describes as "catastrophic," "including permanent disfigurement of her body, pain and suffering, and medical expenses." (*Id.* ¶ 11.)

Leon initially filed her case in state court, but TFM removed it to this Court based on the parties' diverse citizenships and Leon's claim for damages in excess of the $75,000 jurisdictional threshold.

### 2. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) further requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and to set forth "each claim founded on a separate transaction or occurrence" to be "stated in a separate count" if "doing so would promote clarity." Fed. R. Civ. P. 10(b). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)

A court considering a motion to dismiss, on the other hand, filed under Rule 12(b)(6), must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if it fails to nudge its "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

#### A. Federal Rule of Civil Procedure 12(b)(6)

TFM sets forth the standard applicable to evaluating whether a complaint sufficiently states a claim for relief, to avoid dismissal as provided for under Federal Rule of Civil Procedure 12(b)(6), and also recites its interpretation of how that standard applies to pleading a defendant's notice in a premises liability case. (Def.'s Mot. 2–6.) Aside from TFM's cursory position that Leon "fail[s] to state claim" (*id.* at 1, 7), however, TFM fails to provide any actual analysis, applying those legal principles to Leon's allegations. Without that evaluation, TFM's position that Leon's complaint should be dismissed for failing to state a claim under Rule 12(b)(6) falls flat. Relatedly, TFM also complains that Leon pleads some duties that TFM says are "not recognized by law" and "thus fail[s] to state a claim." (Def.'s Mot. at 7.) TFM, however, has not presented any legal authority, and the Court itself is aware of none, supporting the proposition that a complaint should be dismissed if it, in addition to setting forth a viable negligence claim, also references, within those claims, duties that may not themselves be explicitly recognized by law. Without further analysis or supporting legal authority, the Court finds TFM's position unavailing. *See*

*Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.")

Furthermore, upon its own review of Leon's allegations, the Court finds them sufficient to survive dismissal. Though Leon's allegations are sparse, she has nonetheless alleged facts plausibly supporting the elements of her premises-liability negligence claim: she "was walking through the defendant's supermarket location" (Am. Compl. ¶ 8); she was injured when she "slipped and fell on liquid slippery substances which the plaintiff believed to be spilled wine and champagne" (*id.*); and some of liquid "had dried onto the floor" by the time Leon encountered it (*id.* ¶¶ 9, 15). This is enough to allow the Court to reasonably infer that (1) TFM owed her a duty to use reasonable care based on her status as a business invitee inside its store; (2) TFM breached that duty since the liquid was there long enough to partially dry, plausibly establishing constructive notice; (3) the liquid caused her fall; and (4) the fall resulted in injury.

### B. Shotgun Pleading

On the other hand, the Court agrees with TFM that Leon's complaint suffers from defects that render it somewhat of a shotgun pleading. While Leon's complaint is not so defective that the Court is wholly unable to discern the nature of her claim and the facts that support it, the Court nonetheless agrees that amending the complaint would help streamline this litigation by clarifying whether Leon actually has more than one distinct claim and, if so, the bases for those distinct claims.

As TFM points out, and Leon does not really dispute, the complaint sets forth, in one negligence count, allegations implicating two distinct claims: one based, loosely, on a failure to warn and one based on a failure to maintain. As a violation of Federal Rule of Civil Procedure 10(b), the Eleventh Circuit considers lumping multiple causes of action into one count to be a form of shotgun pleading. *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (noting that a complaint that "fails to separate into a different count each cause of action" is an example of a shotgun pleading). These two causes of action—the duty-to-maintain and duty-to-warn claims—"are conceptually different and require different proof." *Rodriguez v. BJ's Restaurants, Inc.*, 23-CV-21834, 2023 WL 5507737, at *5 (S.D. Fla. Aug. 25, 2023) (Altman, J.). Accordingly, to the extent that Leon seeks to advance more than one theory of negligence (which it appears she does), each dependent on different factual

findings, she must separate those causes of action into distinct counts in order to promote clarity. If she does not intend to pursue a claim based on a failure to warn, however, she should remove allegations in that regard from her complaint.

### 4. Conclusion

Consistent with the above the Court **grants in part and denies in part** TFM's motion (**ECF No. 12**). The Court denies TFM's motion to the extent it submits Leon has failed to state a claim upon which relief may be granted. The Court grants the motion, however, to the extent TFM argues Leon's complaint amounts to a shotgun pleading. Accordingly, the Court **strikes** Leon's amended complaint (**ECF No. 10**) and **orders** her to file a second amended complaint, on or before **December 29, 2023**, separating out her claim that TFM was negligent based on its failure to maintain from her claim, assuming she advances it, that TFM was negligent based on its failure to warn. The Court further **orders** TFM to file its answer to the complaint on or before **January 8, 2024**.

**Done and ordered**, in Miami, Florida, on December 14, 2023.

Robert N. Scola, Jr.
United States District Judge